**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4940

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS MONTRIL BROWN, a/k/a Sparks,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:05-cr-00770-TLW)

Submitted: March 21, 2007        Decided: April 12, 2007

Before WILLIAMS, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Montril Brown appeals his convictions and 1680-month sentence for carjacking, in violation of 18 U.S.C. § 2119(1) (2000), robbery, in violation of 18 U.S.C. § 1951(a) (2000), kidnapping, in violation of 18 U.S.C. § 1201 (2000), and related firearm offenses, in violation of 18 U.S.C. § 922(g) (2000), and 18 U.S.C. § 924(c) (2000). Brown's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether there was sufficient evidence to convict Brown and whether his sentence was reasonable. Brown filed a pro se supplemental brief. The Government elected not to file a reply brief. Finding no reversible error, we affirm.

Brown argues the district court erred in denying his motions for judgment of acquittal based on insufficiency of the evidence. Essentially, Brown contends he was not present during the March 18 and March 21, 2005 crimes; however, all witnesses testified as to Brown's involvement on those days. The jury simply found that Brown's denial of involvement was incredible and the other witnesses were credible. A review of the record indicates there was ample evidence to convict Brown of all twelve counts.

Next, Brown suggests that the district court committed reversible error by imposing an unreasonable sentence. Brown contends that his sentence was unreasonable because the presentence

report improperly recommended sentencing enhancements based upon obstruction of justice for perjury and because victim Terry Brown sustained injury. Brown also contends that his sentence was flawed because he should not have been convicted on Counts 7 and 8, and that he should not have received a ten-year penalty for Count 2. Contrary to Brown's assertions, the district court properly calculated Brown's advisory guideline range.

Brown's sentence is reasonable because he was sentenced within the advisory guidelines range. After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-<u>Booker</u>, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). <u>United States v. Moreland</u>, 437 F.3d 424, 432 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). This court will affirm a post-<u>Booker</u> sentence if it "is within the statutorily prescribed range and is reasonable." <u>Id.</u> at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." <u>United States v. Johnson</u>, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Brown post-<u>Booker</u> and appropriately treated the guidelines as advisory. The court added

two levels pursuant to USSG § 2B3.1(b)(3)(A) because Brown obstructed justice by testifying falsely at trial as to his involvement in the crimes on March 21 and April 6, 2005. Brown's testimony was directly contradicted by all witnesses at trial, who stated Brown was present on both dates and participated in the offenses. The district court found that Brown willfully intended to provide false testimony about a material matter. The district court did not err in applying this enhancement.

Brown also argues that the court improperly enhanced his sentence pursuant to USSG § 2A4.1(b)(2)(B) for injury to Terry Brown, the victim of the kidnapping on April 6, 2005, arguing that he did not personally cause the injury. The district court found that Brown was a participant in the kidnapping and carjacking, both violent offenses, and could be held responsible for the foreseeable acts of his co-conspirators in furtherance of the offenses. The district court did not err in applying the enhancement.

Next, Brown contends that he should not have been convicted on Counts 7 and 8 because the carjacking and use of a firearm associated with the carjacking were committed solely by a co-defendant and were not reasonably attributable to him. The district court determined that it was clearly foreseeable that a co-defendant might commit a separate or additional crime to enable confederates to get away or to avoid detection. Indeed, the co-defendant testified that he stole a minivan to enable his

accomplices, including Brown, to flee from the scene of a robbery without being followed. The district court did not err when it overruled Brown's objection, explaining that the jury properly found that the carjacking and the firearm count were attributable to Brown.

Finally, Brown objected to the portion of the presentence report that assigned a sentence of not less than ten years for the § 924(c) count because the firearm was discharged. This particular ten-year sentence is mandated by statute. The court found by a preponderance of the evidence that on March 18, 2005, shots were fired into the air by Brown's co-defendants to scare the victims of a carjacking as they ran away, and the shots were fired as a result of the conduct committed in Counts 1 and 2. Thus, it was reasonable for the court to find that Brown aided and abetted in the discharge of a firearm.

The court sentenced Brown after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Brown's sentence for each count was within the appropriate guideline range and within the confines of the statutory minimum and maximum. Neither Brown nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.

We have reviewed Brown's pro se supplemental brief and find the issues he raises meritless. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Brown's convictions and sentence. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>